JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-04516-RGK (SHx)** | Date | July 9, 2013 |
|---|---|---|---|
| Title | *Haas et al. v. Liberty Mut. Fire Ins. Co.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On June 21, 2013, Defendant Liberty Mutual Fire Insurance Company ("Defendant") removed this action from the Ventura County Superior Court of California on the basis of diversity jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Diversity jurisdiction requires that the amount "in controversy exceeds the sum or value of $75,000 . . . . " 28 U.S.C § 1332(a).

Plaintiff provided a statement of costs which allege damages of $74,065.04, in addition to mental suffering and punitive damages. Defendant relies on punitive damages to raise the amount in controversy above the statutory requirement. However, these damages are too speculative for purposes of calculating the amount in controversy. Thus, Defendant has not satisfied its burden of proving removal is proper at this time.

For the foregoing reasons, this case is **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

:

Initials of Preparer